IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01492-BNB

JOSE LUIS SANCHEZ-HERNANDEZ,

Applicant,

v.

J. M. WILNER, Warden, FCI Florence,

Respondent.

## ORDER OF DISMISSAL

Applicant Jose Luis Sanchez-Hernandez is a prisoner in the custody of the United States Bureau of Prisons (BOP) at the Federal Correctional Institution in Florence, Colorado. Mr. Sanchez-Hernandez has filed a *pro se* Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. In an order filed on August 13, 2008, Magistrate Judge Craig B. Shaffer ordered Respondent to file a preliminary response limited to addressing the affirmative defense of exhaustion of administrative remedies if Respondent intends to raise that defense in this action. On September 2, 2008, Respondent filed a Preliminary Response to Application for Writ of Habeas Corpus. Mr. Sanchez-Hernandez filed a Reply to the Preliminary Response on September 15, 2008.

The Court must construe the Application liberally because Mr. Sanchez-Hernandez is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the

Application is held to standards less stringent than those governing a formal pleading drafted by attorneys. *See id.* However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed.

In the Application, Mr. Sanchez-Hernandez challenges the calculation of his federal sentence in this action. He contends that the BOP refuses to apply eighty-four days of detention credit against the thirty-three month sentence he is serving. Respondent argues that this action should be dismissed because Mr. Sanchez-Hernandez has failed to exhaust his administrative remedies.

Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986). Furthermore, the exhaustion requirement is satisfied only through proper use of the available administrative procedures. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function properly without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91.

The BOP administrative remedy procedure is available to Mr. Sanchez-Hernandez. *See* 28 C.F.R. §§ 542.10–542.19. The administrative remedy procedure allows an inmate to "seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Generally, an inmate first presents an issue of concern informally to prison staff in an attempt to resolve the issue. § 542.13. If an inmate is not able to resolve the issue informally he files a formal administrative remedy request, usually with the warden of the facility where he is incarcerated. § 542.14. If

the inmate is not satisfied with the warden's response he may file an appeal with the appropriate regional director, and if not satisfied with the regional director's response he may file an appeal with the general counsel. § 542.15. An appeal to the general counsel is the final administrative appeal. *Id.*

Mr. Sanchez-Hernandez concedes in the Application that he did not exhaust his administrative remedies prior to filing the instant action. However, Mr. Sanchez-Hernandez argues in the Application that the exhaustion requirement should be excused because exhaustion of his administrative remedies would be futile. Mr. Sanchez-Hernandez specifically argues in the Application that exhaustion would be futile because Respondent has determined that he is not entitled to the disputed detention credits and will not revisit that determination. He further asserts that Respondent has refused to respond to his administrative remedy requests.

Mr. Sanchez-Hernandez is correct that the exhaustion requirement may be waived if exhaustion would be futile. ***See Fraley v. U.S. Bureau of Prisons***, 1 F.3d 924, 925 (9th Cir. 1993) (per curiam). He, however, fails to convince the Court that exhaustion of administrative remedies would be futile in this action. Mr. Sanchez-Hernandez has not demonstrated that his administrative remedy requests were ignored or that an appeal to the regional director or the general counsel would be futile.

According to the BOP records submitted by Respondent in support of his Preliminary Response, Mr. Sanchez-Hernandez filed two administrative remedy requests. (Pre. Resp., Attach. 3 at 1 and Attach. 4 at 2.) In the response to the second administrative remedy request, Mr. Sanchez-Hernandez was told by the warden that he may appeal to the regional director if he was not satisfied with the response. (Pre.

3

Resp., Attach. 4 at 2.) In his Reply, Mr. Sanchez-Hernandez concedes that he did receive a response to the administrative remedy request, but he asserts that Respondent did not address the court records that he provided to Respondent, regarding his suspended sentence or his time served. (Reply at 2.) Simply because Mr. Sanchez-Hernandez does not agree with a response does not indicate that the exhaustion process is futile. As stated by Respondent in the Preliminary Response, either the regional director or the general counsel has the authority to overrule a warden's decision. (Pre. Resp. at 11.) Furthermore, Mr. Sanchez-Hernandez has the opportunity on appeal to provide to the regional director or the general counsel the court records that he claims Respondent ignored.

Mr. Sanchez-Hernandez also claims that based on past experience by the nearly 1000 inmates at FCI Florence only a court order will correct a sentence computation. (Reply at 2.) Applicant's past experience claim is both conclusory and unsupported and fails to demonstrate that exhaustion would be futile. *See Mackey v. Ward*, 128 F. App'x 676, 677 (10th Cir. 2005) ("[C]onclusory allegations that pursuit of administrative remedies would be futile . . . are insufficient to excuse [a] failure to exhaust.").

For the above stated reasons, the Court finds that Mr. Sanchez-Hernandez fails to demonstrate that exhaustion of administrative remedies would be futile. Mr. Sanchez-Hernandez may not exhaust "administrative remedies by, in essence, failing to employ them." *See Jernigan v. Stuchell*, 304 F.3d 1030, 1033 (10th Cir. 2002). Therefore, the instant action will be dismissed without prejudice for failure to exhaust administrative remedies.

4

The Court notes that Applicant filed a second Reply on October 1, 2008. The Court will not consider the second Reply because it is untimely. Even if the Court were to consider the merits of the second Reply, Applicant fails to provide any evidence that proves it is futile for him to exhaust his administrative remedies. Furthermore, his claim that prison staff will not accept and process his administrative remedy requests is belied by the evidence submitted by Respondent and discussed above. Finally, Applicant's claims of irreparable harm are conclusory and vague. The second Reply simply is a standardized reply form that has been prepared by one individual, reproduced, and given to other federal prisoners so that they may submit the formatted reply in their 28 U.S.C. § 2241 action. The formatted reply does not address the particulars of Applicant's claims.

Mr. Sanchez-Hernandez also filed an additional pleading on October 3, 2008, in which he attaches copies of administrative remedy appeals he has filed with the regional director and with the central office. Although he has received a response from the regional director, his appeal is pending with the central office. Applicant, therefore, has not exhausted all of his administrative remedies. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed without prejudice for failure to exhaust administrative remedies.

DATED at Denver, Colorado, this 20 day of Oct., 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CERTIFICATE OF MAILING

Civil Action No. 08-cv-01492-BNB

Jose Luis Sanchez-Hernandez
Reg. No. 06405-046
FCI - Florence
PO Box 6000
Florence, CO 81226

Hayley Reynolds
Assistant United States Attorney
**DELIVERED ELECTRONICALLY**

 I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 10/21/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk